UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on June 14, 2024

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. |
| | : | |
| v. | : | |
| | : | |
| **DAVID RIVERA,** | : | VIOLATION: |
| | : | 22 U.S.C. §§ 612(a) & 618(a)(1) |
| | : | (Foreign Agents Registration Act) |
| Defendant. | : | 18 U.S.C. § 1956(a)(1)(B) |
| | : | (Laundering of Monetary Instruments) |
| | : | 18 U.S.C. § 1957 |
| | : | (Engaging in Monetary Transactions in |
| | : | Property Derived from Specified Unlawful |
| | : | Activity) |
| | : | |
| | : | FORFEITURE ALLEGATION |
| | : | |

# I N D I C T M E N T

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At various times relevant to this Indictment:

### Defendant and Related Individuals and Entities

1. Interamerican Consulting, Inc. ("Interamerican Consulting") was a Florida corporation with its principal place of business in Miami, Florida.

2. Defendant **DAVID RIVERA ("RIVERA")** was a citizen of the United States and a resident of Florida and the president and registered agent of Interamerican Consulting.

3. Raul Gorrín Belisario ("Gorrín") was a Venezuelan national. On January 8, 2019, the U.S. Department of the Treasury's Office of Foreign Assets Control ("OFAC") added Gorrín to the Specially Designated Nationals and Blocked Persons List ("SDN List") for having "bribed the Venezuelan Office of the National Treasury ["ONT"] in order to conduct illicit foreign

exchange operations in Venezuela." Specifically, OFAC designated Gorrín for his role in a corruption scheme in which he and another businessman paid hundreds of millions of dollars in bribes to the National Treasurer of Venezuela.

4. Government Official-1 was a senior official in the Executive Branch of the United States government.

5. Government Official-2 was the assistant to Government Official-1.

6. Company-1 was a consulting company located in Washington, D.C.

7. Individual-1 was a resident of Washington, D.C. and was the owner of Company-1.

8. Individual-2 was a resident of New York and a former United States government official.

9. Law Firm-1 was a law firm with offices in New York and Washington, D.C.

10. Individual-3 was an attorney and a named partner at Law Firm-1.

11. Delaware Shell Company-1 and Delaware Shell Company-2 were Delaware corporations. The legal names of Delaware Shell Company-1 and Delaware Shell Company-2 incorporate a portion of Law Firm-1's name. Neither Law Firm-1 nor Individual-3 authorized or were aware of the use of Law Firm-1's name by Delaware Shell Company-1 or Delaware Shell Company-2.

12. Delaware Shell Company-3, Delaware Shell Company-4, and Delaware Shell Company-5 were Delaware corporations. The legal names of Delaware Shell Company-3 and Delaware Shell Company-4 incorporate the surname of Government Official-1, and the legal name of Delaware Shell Company-5 included Government Official-1's hometown. Government Official-1 was not aware of and did not authorize the use of Government Official-1's surname in

Delaware Shell Company-3 and Delaware Shell Company-4, or Government Official-1's hometown in Delaware Shell Company-5's name.

13. Hong Kong Company-1 was a Hong Kong entity with a business address in Central Hong Kong.

14. Hong Kong Company-2 was a Hong Kong entity with a business address in Central Hong Kong.

15. Hong Kong Company-3 was a Hong Kong entity with a business address in Wan Chai, Hong Kong.

## LEGAL BACKGROUND

### The Foreign Agents Registration Act

16. The Foreign Agents Registration Act ("FARA") is a registration and disclosure statute that requires any person acting in the United States as "an agent of a foreign principal" to register with the Attorney General if he or she is engaging or agreeing to engage, directly or through another person, in certain types of conduct, such as political activities or public relations efforts or lobbying, for or in the interest of the foreign principal. FARA registrations are made with the FARA Unit of the U.S. Department of Justice's National Security Division, which is located in Washington, D.C. It is a crime to willfully fail to register under FARA when required.

17. A purpose of FARA is to prevent covert influence by foreign principals. Proper registration under the statute allows the United States government and the American people to evaluate the statements and activities of individuals who were serving as agents of foreign principals in light of their status as foreign agents. Among other things, a FARA registration requires the registrant to identify the foreign principal on whose behalf the registrant is performing services, describe the type of services the registrant is providing to the foreign principal, and

3

disclose the source and amount of compensation the registrant is receiving from the foreign principal. FARA registration statements are publicly accessible on the website of the FARA Unit.

18. At no time did the defendant, **DAVID RIVERA**, register with the FARA Unit of the U.S. Department of Justice, which is located in the District of Columbia, as an agent of Gorrín.

## JURISDICTION AND VENUE

19. Acts and omissions in furtherance of the offenses alleged herein occurred within the District of Columbia. Pursuant to Title 18, United States Code, Section 3237, venue is proper in the District of Columbia.

## THE SCHEME

20. From in or about June 2019 through in or about April 2020, the defendant, **DAVID RIVERA**, carried out a scheme to violate the Foreign Agents Registration Act by providing consulting and lobbying services to sanctioned Venezuelan businessman Raul Gorrín, who had been designated by OFAC as an SDN on January 8, 2019. Specifically, **RIVERA** sought to lobby senior U.S. government officials, culminating with Government Official-1, by and through Government Official-2, on Gorrín's behalf, and for his benefit, to have Gorrín removed from the SDN List. **RIVERA** sought to make contact with Government Official-1 both directly and through a series of intermediaries, including Individual-1 and Individual-2. **RIVERA** willfully engaged in these activities without registering under FARA, as required by law.

21. To conceal and promote his crimes, **DAVID RIVERA** created fraudulent shell companies, including Delaware Shell Company-1 and Delaware Shell Company-2 and named them both after Law Firm-1 to give the false appearance that the companies were legitimate. In reality, these entities were not affiliated with Law Firm-1 or its executive partner, Individual-3,

4

and neither the law firm nor Individual-3 were aware that **RIVERA** had created Delaware Shell Company-1 or Delaware Shell Company-2 in the firm's name.

22.     To further conceal and promote his crimes, **DAVID RIVERA** directed Individual-1 to create documents that **RIVERA** knew to be false and fraudulent, including invoices for his or her work made out to Law Firm-1 and Delaware Shell Company-1, and to send those invoices to **RIVERA**.

23.     **DAVID RIVERA** also took other steps to conceal and promote his criminal behavior, including by incorporating additional Delaware entities that had the false appearance of being associated with Government Official-1. Two of these companies, Delaware Shell Company-3 and Delaware Shell Company-4, shared a name with Government Official-1. Another company created by **RIVERA**, Delaware Shell Company-5, was named for Government Official-1's hometown. In reality, none of these entities were affiliated with Government Official-1, and Government Official-1 was unaware that **RIVERA** had created these companies using his or her name and hometown.

24.     To disguise the true nature of the payments, **DAVID RIVERA** created false and fraudulent documents, including a "Remittance" for $5 million, dated July 25, 2019, on letterhead for Delaware Shell Company-3. That document was addressed to Gorrín's spouse and included wire transfer information for Delaware Shell Company-3.

25.     For **DAVID RIVERA**'s consulting and lobbying services to Gorrín, **RIVERA** received over $5.5 million from and on behalf of Gorrín, with the payments transferred to **RIVERA** through a series of Hong Kong intermediary companies, including Hong Kong Company-1, Hong Kong Company-2, and Hong Kong Company-3. **RIVERA** received the proceeds in an account in the name of Interamerican Consulting, and used that company to pay

Individual-1, who assisted him in his efforts to lobby U.S. government officials on Gorrín's behalf. **RIVERA** also transferred a portion of the proceeds into Delaware Shell Company-1, and used this company to pay Individual-2, who further assisted him in his efforts to lobby U.S. government officials on Gorrín's behalf.

## COUNT 1
### Failure to Register as a Foreign Agent
### (22 U.S.C. §§ 612(a) and 618(a)(1))

26. Paragraphs 1 through 25 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

27. From in or around June 2019 and continuing through in or around April 2020, in the District of Columbia, and elsewhere, the defendant,

### DAVID RIVERA

did willfully act and cause others to act in the United States as an agent of a foreign principal, to wit, Raul Gorrín, without registering with the Attorney General through the U.S. Department of Justice's FARA Unit, which is located in the District of Columbia, as required by law, in violation of Title 22, United States Code, Sections 612(a) and 618(a)(1), and Title 18, United States Code, Section 2.

## COUNTS 2-6
### Laundering of Monetary Instruments
### (18 U.S.C. § 1956(a)(1)(B))

28. Paragraphs 1 through 25 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

29. On or about the dates set forth in each Count below, in the District of Columbia and elsewhere, the defendant,

**DAVID RIVERA,**

as specified below, conducted and attempted to conduct a financial transaction, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, with the intent to promote the carrying on of specified unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, to wit, felony violations of the Foreign Agents Registration Act, 18 U.S.C. §§ 612(a) & 618(a)(1), as more particularly described in each count below:

| Count | Approximate Date | Description of Transaction (Approximate Amounts) |
|---|---|---|
| 2 | 12/20/2019 | Transfer of $425,000 from Interamerican Consulting's Wells Fargo Bank account (x5988) to Delaware Shell Company-1's Wells Fargo Bank account (x1606). |
| 3 | 12/27/2019 | Transfer of $125,000 from Interamerican Consulting's Wells Fargo Bank account (x5988) to Company-1's account at Capital One (x1981). |
| 4 | 12/31/2019 | Withdrawal of $125,000 from Delaware Shell Company-1's Wells Fargo Bank account (x1606) to purchase official bank check from Wells Fargo Bank payable to Individual-2. |
| 5 | 12/31/2019 | Transfer of $900,000 from Delaware Shell Company-1's Wells Fargo Bank account (x1606) to the David M Rivera Campaign account at SunTrust Bank (x0609). |
| 6 | 1/31/2020 | Transfer of $33,250 from Interamerican Consulting's Wells Fargo Bank account (x5988) to Company-1's account at Capital One (x1981). |

All in violation of Title 18, United States Code, Section 1956(a)(1)(B).

## COUNTS 7-11
### Engaging in Transactions in Criminally Derived Property
### (18 U.S.C. § 1957)

30.  Paragraphs 1 through 25 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

31.  On or about the dates set forth in each Count below, in the District of Columbia and elsewhere, the defendant,

**DAVID RIVERA**

did knowingly engage in, and attempt to engage in, monetary transactions in and affecting interstate and foreign commerce, by, through, and to a financial institution, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, to wit, felony violations of the Foreign Agents Registration Act, 18 U.S.C. §§ 612(a) & 618(a)(1), and knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, as more particularly described in each count below:

| Count | Approximate Date | Description of Transaction (Approximate Amounts) |
|---|---|---|
| 7 | 12/20/2019 | Transfer of $425,000 from Interamerican Consulting's Wells Fargo Bank account (x5988) to Delaware Shell Company-1's Wells Fargo Bank account (x1606). |
| 8 | 12/27/2019 | Transfer of $125,000 from Interamerican Consulting's Wells Fargo Bank account (x5988) to Company-1's account at Capital One (x1981). |
| 9 | 12/31/2019 | Withdrawal of $125,000 from Delaware Shell Company-1's Wells Fargo Bank account (x1606) to purchase official bank check from Wells Fargo Bank payable to Individual-2. |
| 10 | 12/31/2019 | Transfer of $900,000 from Delaware Shell Company-1's Wells Fargo Bank account (x1606) to the David M Rivera Campaign account at SunTrust Bank (x0609). |

| | | |
|---|---|---|
| 11 | 1/31/2020 | Transfer of $33,250 from Interamerican Consulting's Wells Fargo Bank account (x5988) to Company-1's account at Capital One (x1981). |

All in violation of Title 18, United States Code, Section 1957.

## FORFEITURE ALLEGATION

1. The allegations of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **DAVID RIVERA**, has an interest.

2. Upon conviction of a violation of Title 22, United States Code, Sections 612 and 618, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3. Upon conviction of a violation of Title 18, United States Code, Section 1956 and 1957, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

4. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

  e. has been commingled with other property that cannot be subdivided without difficulty;

5. the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL:

FOREPERSON.

_Matthew G. Olsen /SO_
MATTHEW G. OLSEN
ASSISTANT ATTORNEY GENERAL
NATIONAL SECURITY DIVISION
U.S. DEPARTMENT OF JUSTICE

10